**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

JOHN LEE FORD,

    Petitioner,

vs.

JERRY BURT,

    Respondent.

No. 05-CV-160-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.     INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.    PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.   STANDARD OF REVIEW* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*IV.    THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *A.   Findings of Fact* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    *B.   Relevant Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.   Requirement of Exhaustion* . . . . . . . . . . . . . . . . . . . . . . *4*
        *2.   Ineffective Assistance of Counsel* . . . . . . . . . . . . . . . . . . *5*
    *C.   Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        *1.   Objection 1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
            *a.   Reasonable Trial Strategy* . . . . . . . . . . . . . . . . . . . *7*
            *b.   Structural Defect* . . . . . . . . . . . . . . . . . . . . . . . . *8*
        *2.   Objection 2* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
        *3.   Objection 3* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*
        *4.   Objection 4* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*V.     CERTIFICATE OF APPEALABILITY* . . . . . . . . . . . . . . . . . . . . . . . . *12*

*VI.    CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*I.  INTRODUCTION*

The matter before the court is Petitioner John Lee Ford's Objections to Report and Recommendation ("Objections") (docket no. 21). Petitioner objects to the Report and

Recommendation (docket no. 19), which recommended denying his Petition for Writ of Habeas Corpus ("Petition") (docket no. 3).

## II. PROCEDURAL HISTORY

On June 9, 1999, in the Iowa District Court for Linn County, a jury found Petitioner guilty of second-degree sexual abuse. On July 1, 1999, the Iowa District Court sentenced Petitioner to an indeterminate term of imprisonment not to exceed 25 years. On July 2, 1999, Petitioner filed a notice of appeal. On December 13, 2000, the Iowa Court of Appeals affirmed Petitioner's conviction.

On April 24, 2001, Petitioner filed an application for post-conviction relief. On June 20, 2002, Petitioner filed an amendment to the application. On February 26, 2003, the Iowa District Court denied any post-conviction relief but directed Petitioner to return before the sentencing judge for resentencing. On November 16, 2003, Petitioner filed an application for further review with the Iowa Supreme Court. On November 26, 2003, the Iowa Court of Appeals affirmed the denial and remanded the case for resentencing. On February 6, 2004, the Iowa Supreme Court denied further review. On March 31, 2004, the Iowa District Court, on remand, resentenced Petitioner.

On October 17, 2005, Petitioner filed the Petition. On December 13, 2005, Respondent Jerry Burt, Warden, Fort Dodge Correctional Facility, filed an Answer. On December 27, 2006, United States Chief Magistrate Judge John A. Jarvey ("Magistrate Judge Jarvey") entered a Report and Recommendation, in which he recommended that the Petition be denied. On January 5, 2007, Petitioner filed his Objections.

On January 8, 2007, Petitioner filed a petition to the court to submit a certified question to the Iowa Supreme Court ("Motion"). On January 10, 2007, Respondent filed a resistance. On January 17, 2007, Petitioner filed a reply brief. On July 13, 2007, the court entered an Order denying the Motion ("Certification Order").

2

## III. STANDARD OF REVIEW

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b) (requiring de novo review of a magistrate judge's recommendation on dispositive motions and prisoner petitions). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a de novo review of a magistrate judge's report where such review is required. *See, e.g., United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, the plain language of the statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Therefore, portions of the proposed findings or recommendations to which no objections were filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed).

## IV. THE MERITS

### A. Findings of Fact

Petitioner did not specifically object to Magistrate Judge Jarvey's findings of fact. Indeed, Petitioner only objects to Magistrate Judge Jarvey's legal conclusions. After a de novo review of the record, and finding no plain error, the court adopts Magistrate Judge Jarvey's findings of fact in the Report and Recommendation.

3

## B. Relevant Law

### 1. Requirement of Exhaustion

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum. 28 U.S.C. § 2254(b)(1).[1] A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) *see also* 28 U.S.C. § 2254(c).[2] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)).

---

[1] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[2] 28 U.S.C. § 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"Resolving whether a petitioner has fairly presented his claim to the state courts, thus permitting federal review of the matter, is an intrinsically federal issue that must be determined by the federal courts." *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995). "Because exhaustion functions as a federal court gatekeeper, the federal, not the state, courts decide when the state process has been exhausted or should be deemed ineffective because of delay." *Id.* Indeed, this court has repeatedly held that claims must be raised at each tier of appellate review to meet the exhaustion standard. *See, e.g.*, *Sillick v. Ault*, 358 F. Supp. 2d 738, 766 (N.D. Iowa 2005) (Reade, J.) ("Sillick's failure to raise the claim . . . in every tier of the state post-conviction relief proceedings has resulted in a procedural default of such claim."), *appeal dismissed*, No. 05-1966 (8th Cir. Aug. 19, 2005); *see also Wedebrand v. Ault,* No. 04-CV-4055-MWB, 2006 WL 156734, *13 (N.D. Iowa Jan. 20, 2006) (Bennett, C.J.) ("[B]ecause Wedebrand failed to raise his other claims in his application for further review, those claims remain unexhausted."), *appeal dismissed*, No. 06-1526 (8th Cir. Aug. 1, 2006). These cases recognize that, in the Iowa judicial system, a party that fails to raise an issue in an application for further review fails to preserve error on his claims to the Iowa Supreme Court.

### 2. *Ineffective Assistance of Counsel*

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const., Amend. VI. Furthermore, criminal defendants have a constitutional right to effective assistance of counsel in their first appeal. *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Douglas v. California*, 372 U.S. 353, 356-57 (1963). The Sixth Amendment right to effective counsel is clearly established. *See Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the United States Supreme Court explained that a violation of that right has two components:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so

5

> serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687; *see also Armstrong v. Kemna*, 365 F.3d 622, 627 (8th Cir. 2004) (reasserting *Strickland* standard). Thus, *Strickland* requires a showing of both deficient performance and prejudice. However, "a court deciding an ineffective assistance claim need not address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on grounds of lack of sufficient prejudice, . . . that course should be followed." *Id.*; *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("[A court] need not address the reasonableness of the attorney's behavior if the [defendant] cannot prove prejudice.").

To establish unreasonably deficient performance, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The "reasonableness of counsel's challenged conduct [must be reviewed] on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. There is a strong presumption of competence and reasonable professional judgment. *Id.*; *see also United States v. Taylor*, 258 F.3d 815, 818 (8th Cir. 2001) (operating on the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance") (quoting *Strickland*, 466 U.S. at 689); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (noting that broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694). In sum, the court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

6

To establish prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In other words, "the question is whether there is a reasonable probability that, absent those errors, the fact finder would have had a reasonable doubt respecting guilt." *Id.* at 695. In answering that question, the court "must consider the totality of the evidence before the judge or jury." *Id.*

### C. Analysis

In the Objections, Petitioner propounds four objections to the Report and Recommendation. The court addresses each of these objections in turn.

#### 1. Objection 1

Petitioner objects to the legal conclusion in the Report and Recommendation that his trial counsel did not provide ineffective assistance when he failed to object to the trial court's ruling allowing two jurors, who had not heard all of the victim's testimony, to participate in deliberations. More specifically, Petitioner maintains that the failure to object was not a reasonable trial strategy and amounted to an unconstitutional structural defect in his trial.

##### a. Reasonable Trial Strategy

Petitioner's arguments and reasoning fail to address the relevant matter, to wit, whether trial counsel's failure to object constitutes a reasonable trial strategy that defeats an ineffective assistance claim. Essentially, Petitioner argues that trial counsel effectively waived Petitioner's right to a twelve-member jury when trial counsel failed to object to the continued service of the two jurors, and such failure amounted to ineffective assistance.

The argument fails first because it incorrectly states the law. Petitioner cites no case that holds that a defense attorney's failure to urge the disqualification of a juror who

7

admittedly does not hear all of a witness's testimony constitutes a waiver of a defendant's right to a twelve-member jury. As an initial matter, it is plain that a jury of fewer than twelve members may be constitutionally sufficient. *See Ballew v. Georgia*, 435 U.S. 223, 243 (1978) (holding that criminal jury of as little as six members may be constitutional); *Williams v. Florida*, 399 U.S. 78, 103 (1970) (same). However, even if the law were different, as Petitioner urges, the inescapable fact is that a twelve-member jury deliberated and rendered a verdict of guilty, based on all of the evidence, which included testimony in addition to the children's testimony.

The argument also fails because Petitioner does not meet the *Strickland* standard. 466 U.S. at 690. The Eighth Circuit Court of Appeals's decision in *Lamar v. Graves*, 326 F.3d 983, 986 (8th Cir. 2003), prevents Petitioner from attacking trial counsel's decision to assent to the trial court's ruling as to the competency of the two jurors. In *Lamar*, the trial counsel did not object to a "juror['s] sleeping through part of the state's case . . . because he did not mind if a juror missed part of the state's presentation." 326 F.3d at 986. The Eighth Circuit Court of Appeals, in holding that Lamar did not receive ineffective assistance, stated "that the state court did not unreasonably apply Supreme Court decisions by concluding that counsel's strategy was the result of reasonable professional judgment and did not prejudice . . . Lamar." *Id*. (quotations and citations omitted). Similarly, it was within the "reasonable professional judgment" of Petitioner's trial counsel not to object if two jurors had failed to hear part of the state's case, *see id.*, and, therefore, trial counsel's performance was within a standard of reasonableness, *see Strickland*, 466 U.S. at 690. For these reasons, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

### b. *Structural Defect*

The argument that a structural defect occurred when trial counsel failed to object to the trial judge's ruling also lacks merit. This argument collapses under the false premise

8

that, when a juror who admittedly does not hear all of a witness's testimony is not disqualified, such failure constitutes a waiver of a defendant's right to a twelve-member jury. As explained above, a twelve-member jury deliberated and found Petitioner guilty; after the trial judge's voir dire, no juror was disqualified. Therefore, Petitioner cannot claim that his right to a twelve-member jury trial was abrogated.

Furthermore, trial counsel's failure to object does not rise to the level of a structural defect. In *Arizona v. Fulminante*, 499 U.S. 279 (1991), the Supreme Court described the kinds of errors that amount to structural defects, namely, "constitutional deprivations" such as "the total deprivation of the right to counsel" and "the right to self-representation." *Id*. at 309-10. Unlike such deprivations, trial counsel's failure to object hardly "transcend[ed] the criminal process," *id*. at 311 (quotations omitted), and the court will not classify such failure as "so intrinsically harmful as to require automatic reversal . . . without regard to [the failure's] effect on the outcome," *Neder v. United States*, 527 U.S. 1, 7 (1999). Indeed, the Supreme Court has held that structural defects apply to a "very limited class of cases," *Johnson v. United States*, 520 U.S. 461, 468 (1997), none of which apply here. The court declines Petitioner's invitation to add his trial counsel's failure to object to such class. *See Neder*, 527 U.S. at 8 (holding that the limited class includes only cases of "complete denial of counsel," "biased trial judge," "racial discrimination in selection of grand jury," "denial of self-representation at trial," "denial of public trial," and "defective reasonable-doubt instruction"). For these reasons, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

### 2. *Objection 2*

Petitioner objects to Magistrate Judge Jarvey's conclusion in the Report and Recommendation that Petitioner procedurally defaulted his claim that he received ineffective assistance of counsel, due to his trial counsel and appellate counsel's failure to challenge an allegedly erroneous marshaling instruction. Since the court agrees with the legal

conclusion in the Report and Recommendation that the claim is procedurally defaulted, it need not address the substantive merits thereof but shall do so in any case.

Despite Petitioner's protestations to the contrary, "whether [Petitioner] has fairly presented his claim to the state courts, thus permitting federal review of the matter, is an intrinsically federal issue that must be determined by the federal courts." *Wyldes*, 69 F.3d at 251. As explained in the Certification Order, "[b]ecause exhaustion functions as a federal court gatekeeper, the federal, not the state, courts decide when the state process has been exhausted or should be deemed ineffective because of delay." *Id.* Although Petitioner raised the claim in his initial appeal to the Iowa Supreme Court, he did not raise it in his application for further review. As such, he has failed to preserve error on his claim to the Iowa Supreme Court. *See also In re Marriage of Schriner*, 695 N.W.2d 493, 501-02 (Iowa 2005) (holding that party failed to preserve error, because he did not raise the issue in his application for further review). Petitioner's claim here "remain[s] unexhausted." *Wedebrand*, 2006 WL 156734 at *13. Moreover, even if the court were to countenance the defaulted claim, Petitioner would not be entitled to relief, because he cannot "demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider [his claim] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (citations and quotations omitted).

In the alternative, the court deems it appropriate to deny the defaulted claim on the merits. Prior counsel's performance was within a standard of reasonableness, and Petitioner makes no showing of prejudice resulting from the marshaling instruction. *See Strickland*, 466 U.S. at 690. The court concludes that the Iowa courts' adjudication of the claim neither resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law.

For these reasons, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

10

### 3.     *Objection 3*

Petitioner objects to the legal conclusion in the Report and Recommendation that prior counsel were ineffective when they failed to challenge the sufficiency of the evidence to convict him.  Specifically, Petitioner charges ineffective assistance on the basis that the physical contact described by the victim did not involve the proscribed body parts required for the commission of a sex act under the count of conviction.  The objection raises no new arguments not covered by the Report and Recommendation.  It reiterates the charge that, because the definition of "sex act" under Iowa law does not encompass acts "on [the victim's] butt," prior counsel were ineffective in failing to argue that the evidence was insufficient to meet the crime charged.

The difficulty for Petitioner, however, is that the trial testimony was not so narrow as Petitioner contends, that is, Petitioner cannot show prejudice under *Strickland*.  As the Report and Recommendation makes plain, the Iowa Supreme Court has held that it is not necessary for a child abuse victim to use the "correct" anatomical terms in her testimony. *In re L.K.S.*, 451 N.W.2d 819, 823 (Iowa 1990).  The jury also heard the testimony of Susan Smith, which suggested Petitioner had committed sex acts on the victim.  As such, it cannot be said that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).  Therefore, even if Petitioner's prior counsel had challenged the sufficiency of the evidence, there is hardly a "reasonable probability that . . . the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  For these reasons, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

### 4.     *Objection 4*

Petitioner objects to the legal conclusion in the Report and Recommendation that Petitioner's appellate counsel was not ineffective in failing to challenge the trial court's refusal to provide the jury with the option of conviction on a lesser included charge.  The

objection fails for two reasons. First, as noted in the Report and Recommendation, the Iowa Supreme Court has held that "assault with intent to commit sexual abuse and simple assault [are] not lesser included offenses of sexual abuse in the second degree . . . ." *State v. Constable*, 505 N.W.2d 473, 477 (Iowa 1993). Petitioner attempts to distinguish other offenses other than assault from the holding in *Constable*. The court need not address this attempt because of the second reason. Petitioner again has failed to show prejudice. *See Strickland*, 466 U.S. at 694. Even if appellate counsel had successfully argued for the inclusion of any lesser included offense, for example, simple battery, Petitioner was still convicted of sexual abuse in the second degree. For these reasons, the court shall overrule the objection and adopt the analysis set forth in the Report and Recommendation.

## V.  CERTIFICATE OF APPEALABILITY

In a habeas proceeding before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may only issue if a petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)). *See also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

12

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [petitioner must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that Petitioner failed to make the requisite "substantial showing" with respect to the claims he raised in his Petition. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because there is no debatable question as to the resolution of this case, an appeal is not warranted. Accordingly, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253.

If Petitioner desires further review of his Petition, he may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

### *VI. CONCLUSION*

In sum, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254. Petitioner has no basis to claim that he received ineffective assistance of counsel. Accordingly, Petitioner's Petition shall be denied. The Clerk of Court shall enter judgment in favor of the Respondent. In addition, a certificate of appealability shall be denied.

For the foregoing reasons, it is hereby **ORDERED**:

(1) Objections 1, 2, 3 and 4 in Petitioner's Objections (docket no. 21) are

**OVERRULED**;

(2) Magistrate Judge Jarvey's Report and Recommendation (docket no. 19) is **ADOPTED**; and

(3) Petitioner's Petition (docket no. 3) is **DENIED**.

**DATED** this 14th day of November, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

14